## CIRCUIT COURT OF BALTIMORE CITY.

Filed December 9, 1913.

NORA L. CARRICK
VS.
D. ARDIN CARRICK.

*Louis Hollander* and *Eldridge Hood Young* for plaintiff.

*Milton Dashiell* and *Edward I. Clark* for defendant.

DUFFY, J.—

The testimony offered in this case tending to prove adultery on the part of the wife falls short of that end.

The most important fact proven against her is that she on three occasions visited houses on Raborg street. One visit was with a person who lived in the house visited, with whom she had come from a shore resort; the other visits were to an inmate who was sick. The witness in each case who testified as to the visit also said that the wife did not go upstairs in the house, and that she had no association with a man when there—at any rate so far as the witness knew. This is insufficient of itself to prove adultery. In the uncontested divorce cases in this jurisdiction more proof is required than the mere fact that the defendant went into a bawdy house.

The testimony as to the association with Oelman goes no farther than to show that she and he met, walked upon the streets, went to restaurants, and that on one occasion he was seen approaching her dwelling, but turned away before he reached the door upon seeing her husband near by.

The sister of the husband while visiting the wife, after the separation, saw a man's hat and coat in the bedroom, and thought she heard a male voice in the kitchen, but saw no one in the house but the wife and one of the children.

The obscene cards which the husband says were mailed to him seem to have come from the wife. The writing upon them is very similar to the writing in the letter which the wife admits that she wrote.

All of this is well calculated to arouse suspicion, but in the whole case there is not one fact proven which in law is sufficiently incriminating to justify a finding of adultery against her denial.

But the testimony does show that the husband's complaint that his wife maintains undesirable associations is well founded.

The testimony which tends to prove adultery on the part of the husband is of a very different character. These parties separated in July, 1910. For some time prior to this there had been living over the defendant's office a Mrs. L. and her husband. Several times the wife had accused the husband of showing too much attention to Mrs. L. On November 6, 1909, the complainant went to the defendant's office, found her husband and Mrs. L. alone there, and accused Mrs. L. of having illicit relations with her husband. Mrs. L. went to her apartment, and telephoned for her husband, who came home, and after hearing his wife's account of what had occurred, went down to the office below, and there met the complainant and defendant. The complainant informed Mr. L. that his wife was having improper relations with her husband, whereupon Mr. L. indignantly denied it, and said he had confidence in both his wife and the defendant. The witnesses all agree on these facts, but in addition thereto the complainant testified that when she went into the office, she saw Mrs. L. on her husband's lap, and in this she is corroborated by her son. Both Mrs. L. and the defendant deny that this compromising incident occurred, but to Mr. L. when he came in the complainant made this accusation against his wife.

Some time after this Mr. L. located in New York City, and for a while Mrs. L. remained in the flat, over the defendant's office, alone. Then Mr. L. located in Rochester, and in August, 1912, rented an apartment at 891 W. Fayette street, moved into it, and in September invited defendant to make his home with him. The defendant thereupon took up his abode in this same apartment, and has been there ever since. Since that time Mr. L. has been most of the time in Rochester, he and his wife seeing each other periodically in Baltimore and in Rochester. It is admitted by defendant, Mr. and Mrs. L., that for periods aggregating about five or six months since September, 1912, Mrs. L. and defendant have occupied this same apartment alone, Mr. L. being out of the State. The flat consists of four or five rooms and contains two adjoining bedrooms, with a communicating door between them, which defendant says is kept locked at night, he occupying one bedroom and she the other. The defendant, Mr. and Mrs. L., repudiate the idea that any improper relations exists between the defendant and Mrs. L. The defendant is a man in his prime, Mrs. L. is apparently not over 30 years of age. After the accusation made by the complainant on November 6, 1909, in the presence of the defendant, first to Mrs. L., and then to Mr. L., about his wife, for the defendant and Mr. L. to live in the apartment alone as above stated

is such a reckless disregard of propriety that the court is unwilling to believe that no improper relations exist between them. As for Mr. L., who approves of this condition, it is sufficient to say, that his conduct in the matter exposes him to a very ugly inference. Inasmuch as Mr. L. professes to have confidence in his wife's virtue, it will be well for both his own reputation and hers that he put an end to the association between her and the defendant.

The parties to this suit are the parents of two boys of intelligence and promise. The parental attention they receive and the home surroundings in which they live for the ensuing few years will have much to do in making them useful or useless citizens. It is to be earnestly hoped that this husband and wife will be able to give up those practices on the part of each that the other objects to, and that they may become reconciled for the sake of their children.

The cross-bill of the husband will be dismissed. If necessary a divorce a mensa will be granted to the wife. The custody of the two children will be awarded to the wife. Jurisdiction over the children will be retained by the court. The husband will be charged with the maintenance of the wife and children.